■ FILOMENA MAURINO, Respondent, v. ANTONIO MAURINO, Appellant.— Order modifying a judgment of separation so as to increase the alimony provision thereof from $55 to $100 a week, and allowing a counsel fee of $150, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE MELLO, Appellant, against WARDEN OF SING SING PRISON, Respondent.— Appeal from an order dismissing a writ of habeas corpus. Appellant, while on parole from Clinton State Prison, was convicted of a misdemeanor and sentenced to the New York City Penitentiary. He seeks to be discharged from Sing Sing State Prison, to which he was returned following his release from the penitentiary, contending that the two sentences ran concurrently and that he is entitled to credit on the prison sentence for the time served in the penitentiary. Order affirmed. (*Matter of Sperling* v. *Moran,* 277 App. Div. 778, motion for leave to appeal denied 301 N. Y. 816; *People ex rel. Micieli* v. *Morhous,* 279 App. Div. 1120, motion for leave to appeal denied 304 N. Y. 989; *People ex rel. Lattuca* v. *McDonnell,* 283 App. Div. 654.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ JOHN L. ROCCA, as Administrator of the Estate of ESTHER ROCCA, Deceased, Plaintiff, v. CALEDONIAN HOSPITAL, Appellant, and EDWARD I. BRATSPIS et al., Respondents.— In an action against a hospital and three physicians to recover damages for the death of plaintiff's intestate and for her conscious pain and suffering arising out of the alleged negligence of the defendants, the defendant hospital appeals from an order granting a motion by the defendant physicians, pursuant to rule 106 of the Rules of Civil Practice, to dismiss, for insufficiency, the cross complaint against them, contained in the answer of the defendant hospital. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ SIDNEY J. WELLS, Appellant, v. FLORENCE I. O. MURYN, Individually and as Executrix and Trustee of ALICIA I. OLSEN, Deceased, Respondent.— In an action for specific performance of a contract to sell real property, the appeal is from a judgment entered on an order granting a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. (Rules Civ. Prac., rule 106, subd. 4.) The notice of appeal states that the order is brought up for review. (Civ. Prac. Act, § 580.) Judgment and order reversed, with $10 costs and disbursements, and motion denied, with leave to respondent to answer within 10 days after the entry of the order hereon. The writing subscribed by the seller, respondent herein, annexed to the complaint as Exhibit B, contains all the essential terms of the contract which the complaint alleges were agreed upon between the parties. Respondent argues that the name of the purchaser, appellant herein, did not appear on Exhibit B when it was executed. If that be so, or if essential terms and conditions remained to be agreed upon, respondent may raise such issues by so alleging in her answer or by moving under rule 107 of the Rules of Civil Practice. On its face, the complaint alleges a valid contract for the sale of real property. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.